WALKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-283-CR

EDWARD WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Edward Walker entered an open plea of guilty to unlawful possession of a firearm by a felon and a plea of true to the habitual offender count.  The trial court found appellant guilty, found the enhancement count to be true, and recessed the case for a presentence investigation report (PSI).  The trial court subsequently conducted a punishment hearing and sentenced appellant to forty years’ confinement.  We affirm.

Procedural Background
 
& Independent Review of the Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant’s counsel presents a review of the record regarding the indictment, jurisdiction of the trial court, pretrial matters, voluntariness of appellant’s plea, appellant’s competency, potential error occurring after the plea, and effective assistance of counsel.  The only matter on which counsel can be said to have raised an arguably potential ground for appeal is appellant’s competency.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  We have conducted an independent review of the record and have determined just that.

Appellant entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, potential error occurring before appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Jurisdictional Defects

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).  Further, the indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Competency and Sanity

The appellate record contains appellant’s medical records, which reveal primarily psychiatric-related complaints.  Seven pages of the PSI concern appellant’s mental health history. 

Appellant’s counsel filed a pretrial motion for competency examination, listing the reasons as “MHMR patient, combative, paranoid.”  The trial court granted the motion, and a psychologist examined appellant and found him to be competent. 

Appellant’s counsel argued at the sentencing hearing that appellant’s mental health history should be considered in mitigation of punishment, but she did not argue that appellant was incompetent.  In fact, she twice indicated that appellant rationally knew what was going on.  In addition, the written plea admonishments that appellant signed state that “I am mentally competent.” 

Pretrial Matters

Nothing in the appellate record shows any potential error occurring before appellant’s plea that resulted in or supports the judgment of guilt.  Moreover, appellant waived all pretrial motions in the written plea admonishments that he signed in connection with his guilty plea. 

Voluntariness of Plea

The written plea admonishments as well as the plea colloquy between the trial court and appellant at the plea hearing indicate that appellant’s guilty plea was made freely and voluntarily.
  Further, appellant’s written waiver, joined by his attorney, states that appellant is aware of the possible punishment and the consequences of his plea. 
 Nothing in the record would support a claim that appellant’s plea was involuntary.

Punishment and Sentencing

After appellant pled guilty, the trial court deferred a finding of guilt and ordered a PSI pursuant to article 42.12, section 9(a) of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 9(a) (Vernon Supp. 2005).  At the punishment hearing, the PSI was admitted without objection.  Appellant’s mother testified that appellant had always been hyper, that he got worse after he was kicked in the head by a horse at the age of six or seven, that appellant had seizures after the horse kicked him, that appellant had seen a psychiatrist in the past, that appellant was supposed to take medication, and that he occasionally chose not to take his medication.  In addition, appellant’s medical records from John Peter Smith Hospital were admitted.  Appellant’s counsel stressed all of appellant’s mental health issues in her closing argument on punishment.
 

The sentence assessed by the trial court for the offense is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 §§ 12.42(d),  46.04(a), (e) (Vernon Supp. 2005).
  Additionally, the sentence was based on admissible, unobjected-to evidence provided by the State and appellant.  Our review of the record reveals no reversible error occurring after the entry of appellant’s guilty plea.

Effective Assistance of Counsel

Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 
 Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  
Considering the totality of the representation of appellant’s trial counsel, the record contains nothing that would indicate that counsel’s performance was deficient.  
See
 
id.
 at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.  This court provided appellant the opportunity to file a pro se brief, but he did not do so.

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based or that would require reversal of this case.  
See Bledsoe v. State
, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).  We grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 15, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.